

# NUMBER 13-11-00755-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TONY DORSETT HILLE, 
Appellant,

v.

THE STATE OF TEXAS, 
Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas.

# DISSENTING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Dissenting Memorandum Opinion by Justice Rose Vela**

Because I would find that the trial court did not abuse its discretion by revoking appellant's community supervision, I respectfully dissent. Keane Monroe, the SAFPF

program coordinator, testified appellant did not successfully complete the SAFPF program. He was unsuccessfully discharged on August 5, 2011 because of allegations that he attempted to begin a relationship with a counselor or staff member. The specific allegation was that he took a note pad from a SAFPF counselor and wrote "A ring!! LMAO, LOL" and "find a husband that's 8100% hood & nigga." SAFPF staff construed this note as an attempt to begin a relationship and discharged him on that basis.

The majority correctly points out that the violation of a single condition of community supervision is sufficient to support revocation. In its motion to revoke, the State alleged appellant violated the terms and conditions of his community supervision because he "intentionally and knowingly fail[ed] to successfully complete the [SAFPF] program. . . ." This alleged violation does not state a specific basis for appellant's failure to successfully complete the SAFPF program. Thus, the State did not have to prove a specific basis; the State only had to prove he "intentionally and knowingly" failed to successfully complete the SAFPF program. The majority makes no mention that defense counsel filed a motion to quash this allegation and that the trial court overruled the motion. That being the case, the revocation hearing proceeded under this alleged violation as worded.

The evidence shows appellant was discharged from the SAFPF program and did not successfully complete the program. However, the State still had the burden to prove by a preponderance of the evidence he "intentionally and knowingly" failed to complete the SAFPF program. Section 6.03(a) of the Texas Penal Code states: "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his

2

conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE ANN. § 6.03(a) (West 2011). Section 6.03(b) states:

> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

*Id.* § 6.03(b).

The majority states that the "State offered no evidence that appellant knew or had reason to know any of the rules or regulations of the SAFP facility" and that "the State offered no evidence that the rules and regulations of the SAFP facility prohibited the passing of notes to counselors such as the one at issue in this case." However, the State had no burden to prove by a preponderance of the evidence either of these issues. Neither issue is alleged within the aforementioned violation alleged in the motion to revoke. Monroe testified appellant was unsuccessfully discharged from the SAFPF program because he took a note pad from a SAFPF counselor and wrote "A ring!! LMAO, LOL" and "find a husband that's 8100% hood & nigga." This evidence shows by a preponderance that appellant stole the note pad from the SAFP facility counselor and used it for his own purposes. Whether appellant tried to start a relationship with a counselor and whether he was aware of the rules and regulations of the SAFP facility are red herrings and are not issues in this case. The trial judge could have reasonably concluded by a preponderance of the evidence that appellant knew that taking a note pad from a counselor is a crime and that a crime committed within the SAFP facility is something that could very easily cause him to be unsuccessfully discharged from the

3

facility. The trial court could have reasonably concluded by a preponderance of the evidence that appellant intentionally and knowingly took the note pad from the counselor and used it for a personal reason. Accordingly, the State proved by a preponderance of the evidence a violation alleged in its motion to revoke; i.e., that appellant "intentionally and knowingly fail[ed] to successfully complete the [SAFPF] program. . . ." In revocation cases involving allegations of intentional and knowing conduct, courts have upheld revocation decisions when, as in this case, there is evidence of intentional and knowing conduct or a reasonable basis to infer intentional and knowing conduct. *See Grammer v. State*, 294 S.W.3d 182, 191 n.11 (Tex. Crim. App. 2009) ("We believe that the trial court could have reasonably found that appellant knew from the very beginning that associating with Turner was a violation of his probation. . . . The trial court could also have reasonably found that appellant was not serious about completing his probation, that he was intentionally violating his probation by associating with Turner, possibly to gain access to her 12-year-old daughter."); *Brooks v. State*, 153 S.W.3d 124, 129 (Tex. App.—Beaumont 2004, no pet.) ("We do note that, from the testimony of Mark Hogberg, the trial court could have inferred Brooks' failure to pay his fees was intentional by Brooks' failure to remain employed with one employer for very long, coupled with the evidence that Brooks made no payments for the entire year of 2002, and the first six months of 2003.").

Because I would find that there was a preponderance of evidence that appellant acted intentionally or knowingly, as alleged by the State, I conclude that the trial court did not abuse its discretion in revoking appellant's community supervision. I would overrule

4

the first issue and affirm the judgment of the trial court.   For these reasons, I respectfully dissent.


                                                   ROSE VELA
                                                   Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
28th day of August, 2012.